# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.   2:26-cv-00147 |
| Plaintiff, | : | |
| v. | : | |
| ASSORTED PROPERTY SEIZED ON OCTOBER 4, 2019, FROM 3629 CLEVELAND AVENUE, COLUMBUS, OHIO, | :<br><br>: | VERIFIED COMPLAINT FOR FORFEITURE IN REM |
| | : | |
| Defendant 1, | : | |
| SMITH & WESSON, MODEL SD9VE, 9MM PISTOL, SERIAL NO.: FBM2102, INCLUDING ANY AMMUNITION, | : | |
| | : | |
| Defendant 2, | : | |
| ASSORTED PROPERTY SEIZED ON FEBRUARY 26, 2021, FROM 3629 CLEVELAND AVENUE, COLUMBUS, OHIO, | :<br><br>: | |
| Defendant 3, | : | |
| SEVEN THOUSAND SEVEN HUNDRED FORTY-SEVEN DOLLARS AND 00/100 ($7,747.00) IN UNITED STATES CURRENCY, | :<br><br>: | |
| | : | |
| Defendant 4, | : | |
| MONEY ORDERS WITH FACE VALUE TOTALING SIX THOUSAND FIVE HUNDRED DOLLARS AND 00/100 ($6,500.00) IN UNITED STATES CURRENCY, | :<br><br>:<br><br>: | |
| Defendant 5, | : | |
| ASSORTED PROPERTY SEIZED ON | : | |

FEBRUARY 27, 2021, FROM 2897    :
BRIDGEWALK STREET, COLUMBUS,
OHIO,    :

        Defendant 6,    :

SIXTY-FOUR THOUSAND SIX    :
HUNDRED SIXTY DOLLARS AND
00/100 ($64,660.00) IN UNITED STATES    :
CURRENCY,
    :
        Defendant 7,    :
    :
MONEY ORDERS WITH FACE VALUE
TOTALING SIXTEEN THOUSAND    :
DOLLARS AND 00/100 ($16,000.00) IN
UNITED STATES CURRENCY,    :

        Defendant 8,    :

THIRTY-THREE DOLLARS AND 00/100    :
($33.00) IN UNITED STATES
CURRENCY,    :

        Defendant 9,    :

SCCY INDUSTRIES, INC., MODEL CPX-    :
1, 9MM PISTOL, SERIAL NO.: 937636,
INCLUDING ANY AMMUNITION,    :

        Defendant 10.    :

_____

Plaintiff, United States of America, by its undersigned counsel, alleges the following for its action against the Defendants in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## **NATURE OF THE ACTION**

1.    This is a civil action *in rem* brought to enforce 18 U.S.C. § 981(a)(1)(A), which provides, in pertinent part, for the forfeiture to the United States of:

Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property;

and/or 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture to the United States of:

Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section 215, 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 656, 657, 670, 842, 844, 1005,1006, 1007, 1014, 1028, 1029, 1030, 1032, or 1344 of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense;

and/or 18 U.S.C. § 924(d)(1), which provides, in pertinent parts, for the forfeiture to the United States of:

Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922… or any violation of any other criminal law of the United States ….

2.      The term "specified unlawful activity" means, in relevant part, any act or activity constituting an offense pursuant to 18 U.S.C. § 1343 (relating to wire fraud), as set forth in 18 U.S.C. § 1961(1)(B) and incorporated by 18 U.S.C. § 1956(c)(7)(A).

## THE DEFENDANTS IN REM

3.      Defendant 1 is the following assorted property seized on or about October 4, 2019, by the United States Secret Service (USSS) from Beeps Computer Clinic ("Beeps"), located at 3629 Cleveland Avenue, in Columbus, Ohio, owned by Nana Addo ("Addo") during the execution of a Federal Search and Seizure Warrant.   The USSS will maintain custody of Defendant 1 during the pendency of this action.

| ITEM | MODEL | SERIAL NUMBER |
|------|-------|---------------|
| Zebra brand desktop thermal printer | GK420T | 7298394 |
| Zebra brand RFID printer-barcodes | RZ400 | 08j120701593 |
| Zebra brand RFID printer-barcodes | RZ400 | 08J0949215 |
| Zebra ZXP ID card and badge printer | Series 7 | 12j134506848 |
| Zebra ZXP ID card and badge printer | Series 8 | 06J114700009 |
| Assorted multi-state holograms | | |

3

| | | |
|---|---|---|
| Assorted white plastic blank cards | | |
| Black and red Sandisk thumb drive | SDCZ36-064G | |
| Black Attache brand storage device | | |
| Blue storage device | | |
| Pink storage device | | |
| Pro Desk computer | 7265NGW | 2UA6233KGD |
| White and rose-colored Apple iPhone S | A1687 | |
| Black Apple iPhone S, with black case | A1687 | |
| Assorted holograms | | |
| Assorted white plastic blank cards | | |
| Silver Kodak camera | V1003 | |
| Green Micro Craft brand storage device | | |
| Miscellaneous storage devices with no identifiers | | |
| EDI Secure ID card and badge printer | 9300 | 115V6787 |
| HP Compact Elite computer | 8300 | MXL33111FQ |
| Fargo brand ID card printer and encoder | DTC 1250 | B5371062 |
| Grey and blue Data Card brand ID card printer | SP75 | N92702 |
| Grey and blue Data Card brand ID card printer | SP 75 | N94482 |
| Assorted white plastic blank cards | | |
| White and black TP-Link wireless dual band adaptor | TL-WDN3200 | 12599002469 |
| Red mini FNY thumb drive | 8GB | |
| Black Apple iPhone | A1660 | |
| Lenova brand computer | Think Centre | MJ967X6 |
| Silver SATA brand drive | 2.5 External Case | |
| Black and white Toshiba brand external drive | | 50NTT2JTTIJ7 |
| Verifone credit card machine | VX 520 | |
| Sony camera | Cyber shot | |
| Black Canon camera | G9 Power Shot | |

4.  Defendant 2 is a Smith & Wesson, Model SD9VE, 9mm pistol, serial number: FBM2102, including any ammunition.  On or about October 4, 2019, the USSS seized Defendant 2 from Beeps, located at 3629 Cleveland Avenue, Columbus, Ohio during the execution of a Federal Search and Seizure Warrant.  The USSS will maintain custody of Defendant 2 during the pendency of this action.

5.  Defendant 3 is the following assorted property seized on February 26, 2021, from Beeps at 3629 Cleveland Avenue, Columbus, Ohio by the USSS, during the execution of a Federal Search and Seizure Warrant.  The USSS will maintain custody of Defendant 3 during the pendency of

4

this action.

| ITEM | MODEL | SERIAL NUMBER |
|---|---|---|
| HP computer | ELITE 8300 | MXL3281R7D |
| Blue Micro Center brand thumb drive | G02G | NMB7B0019 |
| White with purple flowers EMTEC brand thumb drive | | |
| Zebra ID card and badge printer | ZXP SERIES 7 | 12J134707037 |
| Zebra ID card and badge printer | ZXP SERIES 8 | 06J144500005 |
| Zebra ID card and badge printer | ZXP SERIES 7 | 12J132503658 |
| Data Card brand ID card and badge printer | 150I | 7749 |
| MISIRI brand magnetic card reader and writer | MSR607 | A6160516087 |

6.  Defendant 4 is Seven Thousand Seven Hundred Forty-Seven Dollars and 00/00 ($7,747.00) in United States Currency.   On or about February 26, 2021, Defendant 4 was seized from Addo during the execution of a Federal Complaint and Arrest Warrant at his residence located at 2897 Bridgewalk Street, Columbus, Ohio.   The United States has deposited Defendant 4 into the Treasury Asset Forfeiture Fund, where it will remain during the pendency of this action.

7.  Defendant 5 is Money Orders with face value totaling Six Thousand Five Hundred Dollars and 00/100 ($6,500.00) in United State Currency.   On or about February 26, 2021, Defendant 5 was seized from Addo during the execution of a Federal Complaint and Arrest Warrant at his residence located at 2897 Bridgewalk Street, Columbus, Ohio.   The United States has deposited Defendant 5 into the Treasury Asset Forfeiture Fund, where it will remain during the pendency of this action.

8.  Defendant 6 is the following assorted property seized on February 27, 2021, by the USSS from Addo's residence located at 2897 Bridgewalk, Columbus, Ohio, during the execution of a Federal Search and Seizure Warrant.   The USSS will maintain custody of Defendant 6 during the pendency of this action.

| ITEM | MODEL | SERIAL NUMBER |
|---|---|---|
| Dell computer | Latitude E5410 | 00186-061-881-929 |
| Apple laptop | Air A1465 | FCC-ID QDS-BRCM1072 |
| Apple laptop computer | Pro A1706 | FCC-ID BCGA1706 |

| Lenova brand computer | Think Centre M 800 | MJ04HMTJ |
|---|---|---|
| Alienware laptop computer | P87F | 55ZTL33 |
| Fargo brand ID card printer and encoder | DTC 4000 | DTC 4000 |
| SATA brand external drive | WD Blue | WCC6Z1KRKUAF |
| Grey Apple iPhone | A1429 | IMEI:990002304489022 |
| Grey Apple iPhone | A1429 | IMEI:990002718695560 |
| Grey Apple iPhone | A1429 | IMEI:990002796788329 |
| Grey Apple iPhone | A1429 | IMEI:990002750676262 |
| Grey Apple iPhone | A1429 | IMEI: 990002794594232 |
| Silver Apple iPhone | A1533 | 358754053876579 |
| Blue and white Lexar brand flash drive | Micro | LRWM03U-7000 |
| Red Samsung cellular phone | SM-A207M/DS | R9TN7000XLYJ |
| Green Patriot brand thumb drive | | 1710PHMPH |
| White Samsung cellular phone | | IMEI:350179/38/449052/8 |
| Apple iPhone with broken glass | | |
| Apple iPhone | A1688 | |
| Apple iPhone | A1688 | |

9.   Defendant 7 is Sixty-Four Thousand Six Hundred Sixty Dollars and 00/100 ($64,660.00) in United States Currency.   On or about February 27, 2021, the USSS seized Defendant 7 from Addo's residence located at 2897 Bridgewalk, Columbus, Ohio, during the execution of a Federal Search and Seizure Warrant.   The United States has deposited Defendant 7 into the Treasury Asset Forfeiture Fund, where it will remain during the pendency of this action.

10.   Defendant 8 is Money Orders with face value totaling Sixteen Thousand Dollars and 00/100 ($16,000.00) in United States Currency seized on or about February 27, 2021, by the USSS seized from Addo's residence located at 2897 Bridgewalk, Columbus, Ohio, during the execution of a Federal Search and Seizure Warrant.   The USSS will maintain custody of Defendant 8 during the pendency of this action.

11.  Defendant 9 is Thirty-Three Dollars and 00/100 ($33.00) in United States Currency seized on or about February 27, 2021, by the USSS from Addo's residence located at of 2897 Bridgewalk, Columbus, Ohio, during the execution of a Federal Search and Seizure Warrant.   The United States has deposited Defendant 9 into the Treasury Asset Forfeiture Fund, where it will remain

during the pendency of this action.

12. Defendant 10 is a SCCY Industries, Inc., Model CPX-1, 9mm Pistol, serial number: 937636, including any ammunition seized on or about February 27, 2021, by the USSS from Addo's residence located at 2897 Bridgewalk, Columbus, Ohio, during the execution of a Federal Search and Seizure Warrant. The USSS will maintain custody of Defendant 10 during the pendency of this action.

## JURISDICTION AND VENUE

13. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendants pursuant to 18 U.S.C. § 981(a)(1)(A) and/or 18 U.S.C. § 981(a)(1)(C) and/or 18 U.S.C. § 924(d)(1). This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

14. This Court has *in rem* jurisdiction over the Defendants pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in in the Southern District of Ohio.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio and pursuant to 28 U.S.C. § 1395 because the Defendants were found in the Southern District of Ohio.

## BASIS FOR FORFEITURE

16. Defendants 1 through 10 are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), because they represent property which constitutes or is derived from proceeds traceable to one or more offenses constituting specified unlawful activity, that is, Bank Fraud, Wire Fraud, Identity Theft, and Access Device Fraud, or a conspiracy to commit such offense, in violation of 18 U.S.C. § 371.

7

17. Defendants 1, and 3 through 9 are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A),

because they represent property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 or represent property traceable to such property.

18. Defendants 2 and 10 are subject are subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), because (1) they were involved in a violation of 18 U.S.C. 371, that is, Conspiracy to Commit Bank Fraud, Wire Fraud, Identity Theft, and Access Device Fraud.

### FACTS

19. In early 2018, the United States Secret Service, working with multiple law enforcement agencies, began an investigation into crimes involving computer trespass, identity theft, and access device fraud being committed by an organized group operating in the Southern District of Ohio, and in other districts. The investigation revealed that the typical manner in which this group operates is as follows: 1.) a member of the conspiracy places an order online for items such as furniture, cell phones, etc. by opening an account using another, unknowing individual's personal information (oftentimes including name, home address, social security number, and other information), 2.) in making the online order, the conspiracy member requests that the item be shipped to a residence that is known by the conspiracy member to be either vacant or for sale, and 3.) the conspiracy member then picks up the item at the vacant or for sale residence.

20. The investigation had shown that a significant amount of criminal activity took place at Beeps Computer Clinic, located at 3629 Cleveland Avenue, in Columbus, Ohio. A search of the Ohio Secretary of State website showed that Nana Addo was the Incorporator for Beeps Computer Clinic LLC with a filing date of November 14, 2008.

21. From at least November 6, 2017, through March 1, 2021, in the Southern District of

8

Ohio and elsewhere, Addo knowingly and willfully conspired and agreed with other persons to defraud the United States and to commit offenses against the United States—namely, Bank Fraud, in violation of 18 U.S.C. § 1344; Wire Fraud, in violation of 18 U.S.C. § 1343; Identity Theft, in violation of 18 U.S.C. § 1028; and Access Device Fraud, in violation of 18 U.S.C. § 1029.

22. Based on interviews; analysis of bank records and other documentation; and consultation with other law enforcement personnel, law enforcement learned Addo engaged in various fraud schemes, including business email compromise and "Man in the Middle" scams. These various fraud schemes are described herein.

23. Nana Addo was involved in a scheme to defraud a company, VICTIM COMPANY 1, in the amount of $67,698.12. Addo succeeded in this fraudulent scheme by creating a business named Focal Point Wireless. Records received from the Ohio Secretary of State show that on March 14, 2018, an individual identifying himself as PERSON A, whose identity is known to the United States Attorney and to Addo, and who is a real person, established a business, Focal Point Wireless, by filing Articles of Organization. Focal Point Wireless' address was listed on the document as 3629 Cleveland Avenue, Suite B, Columbus, Ohio, which is the known address for Beeps Computer Clinic, a business owned by Addo.

24. Bank records show that on March 22, 2018, an individual identifying himself as PERSON A opened a Bank of America account ending in xx6080 (BOA xx6080) in the name of Focal Point Wireless. On October 4, 2019, the USSS executed search warrants at Addo's business, Beeps Computer Clinic, and at Addo's residence located at 2897 Bridgewalk Street, Columbus, Ohio. During the execution of the search warrants, agents imaged and later searched several electronic media items from each location. On these electronic media, the agents found Addo to be in

possession of items which indicated that Addo had used PERSON A's means of identification

without lawful authority in order to establish Focal Point Wireless and open BOA xx6080:

  a.  An image of a Pennsylvania Driver's License, with the Addo's picture, in the name of
      PERSON A;

  b.  A letter dated March 2, 2018, from the Internal Revenue Service addressed to "Focal
      Point Wireless, [PERSON A], Sole MBR, 3629 Cleveland Avenue, STE B, Columbus,
      OH 43224," informing the addressee that the company had been assigned an Employer
      Identification Number as requested;

  c.  A TransUnion credit report in the name of PERSON A, with the last four digits of
      PERSON A's social security number;

  d.  A statement of account for BOA xx6080 in the name of PERSON A;

  e.  A text file titled with PERSON A's name containing a Social Security Number and
      date of birth determined to belong to a man named PERSON A living in New York;
      the Employer Identification Number assigned by the Internal Revenue Service to Focal
      Point Wireless; the full bank account number for BOA xx6080; and the phone number
      provided to Bank of America by the individual who opened BOA xx6080; and

  f.  A copy of an Articles of Organization for Regent Handy Man LLC listing PERSON A
      as the point of contact, filed on or about July 11, 2018. When the document was filed,
      PERSON A's address was listed as 2897 Bridgewalk Street, Columbus, Ohio, which is
      the known address for Addo.

25.  During the executions of the search warrants, agents also found a physical copy of a JP

Morgan Chase debit card in the name of PERSON A.

26.  Transaction activity within BOA xx6080 also indicates Addo used PERSON A's means

of identification without lawful authority. On April 11, 2018; April 16, 2018; and May 14, 2018,

Addo transferred $500, $300, and $500, respectively, into BOA xx6080 via Square, Inc. On June

18, 2018, $800 was transferred from BOA xx6080 into a First Merchants Bank account in Addo's

name.

27.  After opening BOA xx6080 using PERSON A's means of identification without lawful

authority, Addo used the account during and in relation to a fraud scheme facilitated by use of

interstate wires. Bank records show that on or about June 25, 2018, BOA xx6080 received a wire

transfer in the amount of $67,698.12 from VICTIM COMPANY 1. PERSON 1, an employee of VICTIM COMPANY 1, was interviewed regarding the wire. He/she stated that he/she had initiated the wire to BOA xx6080. PERSON 1 had received into his/her workplace email account an email from another internal email address belonging to one of his/her supervisors. The email instructed PERSON 1 to initiate the wire, and provided that the supervisor would send him/her the invoice later. PERSON 1 initiated the wire online and finalized it by signing an authorization at a bank branch. Approximately one or two days later, PERSON 1 asked his/her supervisor when he/she should expect the invoice related to the wire. Through their conversation, it became evident that the supervisor was unaware of the email sent to PERSON 1 from his/her email account and the wire that had been sent to BOA xx6080. VICTIM COMPANY 1 later determined that the supervisor's email account had been compromised.

28. After receiving the funds from VICTIM COMPANY 1 into BOA xx6080, and on or about the date set forth below, Addo engaged in the following monetary transactions, among others, involving the proceeds of wire fraud to conceal or disguise the nature, location, source, ownership, or control of the proceeds:

a. Bank records show that on June 25, 2018, Addo wired or caused to be wired $20,000 into First Merchants Bank account ending in xx1523 in the name of Beeps.

b. Bank records show that on July 13, 2018, Addo conducted or caused to be conducted a point-of-sale purchase in the amount of $2,001.38 at a Kroger grocery store located in Columbus, Ohio. According to Kroger's website, Kroger customers can purchase money orders up to $1,000 each, which cost $0.69 per money order when using a Kroger Plus card. As such, two money orders purchased in the amount of $1,000 each would have resulted in a transaction total of $2,001.38.

c. Bank records show that on July 16, 2018, Addo withdrew or caused the withdrawal of $500 from a PNC Bank ATM. The transaction also incurred a fee of $3.50.

29. Addo also engaged in receiving and laundering or attempting to launder proceeds of Wire Fraud involving funds from a company, VICTIM COMPANY 2, and others.

a. On June 13, 2018, Addo opened a PNC Bank account with an account number ending in xx5306, in the name of Beeps.

b. PNC Bank account ending in xx5306 received three deposits between October 4, 2018, and October 12, 2018, totaling $80,499, consisting of two checks and one wire transfer. These items were the proceeds of Wire Fraud, and Addo knew they were the proceeds of some unlawful activity.

c. More particularly, on October 4, 2018, the PNC Bank account received a deposit in the amount of $26,754 from PERSON B, a victim of wire fraud. This deposit later became a "returned item" and the funds were removed from the account.

d. On October 4, 2018, the PNC Bank account also received a wire transfer in the amount of $24,000 from PERSON C, a victim of wire fraud.

e. On October 12, 2018, the PNC Bank account also received a deposited check in the amount of $29,745 from VICTIM COMPANY 2, a victim of wire fraud. This check later became a "returned item" and the funds were removed from the account.

f. Addo conducted financial transactions with the proceeds of the wire and the checks before the checks were returned as fraudulent.

30. Addo was also involved in a scheme to defraud a company, VICTIM COMPANY 3, in the amount of $421,975.12. Addo opened Bank of America (BOA) account ending in xx4203 in the name of Beeps on or about October 9, 2018. Bank records show that, on or about November 16, 2018, an automated clearing house (ACH) credit in the amount of $421,975.12 from VICTIM COMPANY 3 was received into BOA xx4203. PERSON 2, an employee of VICTIM COMPANY 3, was interviewed and provided documents related to the nature of the ACH. PERSON 2's statements and the documents show the following:

a. On November 5, 2018, COMPANY 4, a contractor completing work for VICTIM COMPANY 3, contacted VICTIM COMPANY 3 via email to request payment on an invoice.

b. On November 12, 2018, COMPANY 4 again contacted VICTIM COMPANY 3 via email to request payment on the same invoice. VICTIM COMPANY 3 responded that payment would be made.

c. In November 12, 2018, VICTIM COMPANY 3 received a correspondence from what was later determined to be a fake vendor using a "Man in the Middle" attack technique. In a "Man in the Middle" technique, the attacker impersonates a vendor and/or

customer by mimicking email domain names which appear to be the same but are slightly different. For instance, an attacker may transpose letters in a real email domain name when creating the fake domain name. In this instance, the letters "in" in the real domain name were transposed to "ni" in the fake domain name in order to craft the correspondence to appear as though it had come from COMPANY 4. In the correspondence, the fake vendor requested immediate payment by ACH.

d. On November 13, 2018, the fake vendor sent an email to VICTIM COMPANY 3 containing a new invoice and instructions to send the payment via ACH to BOA xx4203, which the fake vendor claimed was an account held in the name of COMPANY 4.

e. On November 15, 2018, VICTIM COMPANY 3 sent the ACH to the account as requested on November 13, 2018.

f. On November 20, 2018, the fake vendor confirmed receipt of the payment.

g. On November 22, 2018, the fake vendor requested that VICTIM COMPANY 3 recall the ACH and make a payment to a trust fund in Hong Kong. On this same date, VICTIM COMPANY 3 personnel began to believe that the ACH possibly had been requested fraudulently. Ultimately, VICTIM COMPANY 3 determined that the ACH request possibly had originated from the fake vendor.

h. On November 28, 2018, VICTIM COMPANY 3 reported the incident to local police.

31. After receiving the funds from VICTIM COMPANY 3 into BOA xx4203, and on or about the date set forth below, Addo engaged in the following monetary transactions:

a. Bank records show that on November 21, 2018, Addo transferred or caused to be transferred $25,000 to Capital One Bank account ending in xx1744, which he opened in his own name on or about October 15, 2018.

b. Bank records show that on or about November 23, 2018, Addo conducted or caused to be conducted a check card transaction in the amount of $20,000 at Quality Auto Sales in Westerville, Ohio.

c. Bank records show that on or about November 23, 2018, Addo transferred or caused to be transferred $35,000 to Capital One Bank account ending in xx1744.

32. In addition to the events described above, evidence shows Addo is associated with other individuals, both known and unknown, in the use of means of identification without lawful authority to open lines of credit at various retail stores in order to purchase items fraudulently. Every instance where a person's identity was used to open the line of credit, the person has been

interviewed and confirmed that he/she did not open a line of credit and he/she did not authorize anyone to use his/her identity to open a line of credit for the referenced purchase. This evidence includes, among other items, the following:

a. On or about November 6, 2017, an unidentified female using personal information belonging to PERSON D opened a line of credit with Ashley Furniture in Bellefontaine, Ohio and purchased furniture totaling $6,435.71. The furniture was delivered to Addo's business, Beeps Computer Clinic, located at 3629 Cleveland Avenue, Columbus, Ohio. Ashley Furniture reported the purchase as fraudulent to the Logan County Ohio Sheriff's Office. When the USSS executed the search warrants on October 4, 2019, at the Addo's business and residence, law enforcement seized printer ribbons. The USSS subsequently conducted ribbon trap analyses on the printer ribbons found. Ribbon trap analysis is a process used to extract remnants of images printed from the ribbons which are analyzed. The analyses revealed that a credit card in PERSON D's name had been printed from one of the ribbons.

b. On or about November 9, 2017, an unidentified male using personal information belonging to PERSON E opened a line of credit with Ashley Furniture in Marion, Ohio and purchased furniture totaling $10,481.24. The furniture was delivered to Addo's business, Beeps Computer Clinic, located at 3629 Cleveland Avenue, Columbus, Ohio. Ashley Furniture later reported the purchase as fraudulent to the Marion County Ohio Sheriff's Office.

c. On or about December 22, 2017, an unidentified male using personal information belonging to PERSON F opened a line of credit with Morris Furniture in Columbus, Ohio and purchased furniture totaling $11,792.51. The furniture was delivered to Addo's business, Beeps Computer Clinic, located at 3629 Cleveland Avenue, Columbus, Ohio. Morris Furniture reported the purchase as fraudulent. Ribbon trap analyses conducted on the ribbons seized during the execution of the search warrants revealed that at least one credit card in PERSON F's name was printed from one of the ribbons.

d. On or about January 6, 2018, an individual using personal information belonging to PERSON G opened a line of credit with Ashley Furniture in Ontario, Ohio and purchased furniture totaling $20,600.

   i. On or about February 21, 2018, the furniture that had been purchased at Ashley Furniture in Ontario, Ohio was delivered to an apartment at the Golden Gate Square apartment complex in Columbus, Ohio. Law enforcement personnel surreptitiously observed the delivery. Law enforcement personnel observed two individuals, including COCONSPIRATOR 1, transfer the furniture items into a U-Haul truck. Law enforcement personnel approached and attempted to interview COCONSPIRATOR 1 at the time of the delivery, but he ran. Law enforcement personnel located COCONSPIRATOR 1 when he entered a vehicle parked in the parking lot of Beeps. Evidence showed that COCONSPIRATOR 1 obtained PERSON G's personal identification from Addo and used the information to make the

14

purchase.   Additionally, evidence showed Addo had provided the U-Haul to move the furniture.

    ii.    The ribbon trap analyses conducted by the USSS revealed that at least five credit cards in COCONSPIRATOR 1's name and three in PERSON G's name had been printed from the ribbons.

e.  On or about May 16, 2019, an individual using personal information belonging to PERSON H opened a line of credit with Ashley Furniture and purchased items totaling $6,334.66.

    i.    When the USSS executed the search warrants on October 4, 2019, at 3629 Cleveland Avenue, Columbus, Ohio and 2897 Bridgewalk Street, Columbus, Ohio, law enforcement found Addo to be in possession of a TransUnion credit report dated February 24, 2019, in PERSON H's name and the invoice for the purchase made on or about May 16, 2019, at Ashley Furniture.

    ii.    The ribbon trap analyses revealed that an Ohio Driver's License in PERSON H's name, but with a photo of an individual identified as COCONSPIRATOR 2, and at least two credit cards in PERSON H's name were printed from the ribbons.

f.  On or about September 23, 2019, an individual using personal information belonging to PERSON I opened a line of credit with Ashley Furniture and purchased items totaling $11,887.51.

    i.    When the USSS executed the search warrants on October 4, 2019, at 3629 Cleveland Avenue, Columbus, Ohio and 2897 Bridgewalk Street, Columbus, Ohio, law enforcement found Addo to be in possession of the invoice for the purchase made on or about September 23, 2019, at Ashley Furniture.   The delivery address on the invoice was for Addo's residence, located at 2897 Bridgewalk Street, Columbus, Ohio.

    ii.    The ribbon trap analyses revealed that an Ohio Driver's License in PERSON I's name, but with a photo of an individual identified as COCONSPIRATOR 3, and at least four credit cards in PERSON I's name were printed from the ribbons.   Two of the credit cards were also found on site.

g.  Two different transactions on consecutive days occurred involving PERSON J:   1.) on or about September 27, 2019, an individual using personal information belonging to PERSON J opened a line of credit with Ashley Furniture and purchased items totaling $8,234.80, and 2.) on or about September 28, 2019, an individual using personal information belonging to PERSON J opened a line of credit with Floor and Décor and purchased items totaling $6,341.32.

    i.    When the USSS executed the search warrants on October 4, 2019, at 3629 Cleveland Avenue, Columbus, Ohio and 2897 Bridgewalk Street, Columbus, Ohio, they found Addo to be in possession of a TransUnion credit report in PERSON J's name dated August 6, 2019; the invoice for the purchase made on or about September 27, 2019, at

Ashley Furniture; and a receipt dated September 28, 2019, approving a credit line of $6,500 at Floor and Décor in PERSON J's name.

ii. The ribbon trap analyses revealed that at least two credit cards in PERSON J's name and an Ohio Driver's License in PERSON J's name, but with a photo of an individual identified as COCONSPIRATOR 4, were printed from the ribbons.

33. In addition to the crimes described above, there were at least two occasions wherein Addo claimed to be a United States citizen, knowing that he was not a United States citizen, to obtain a benefit. First, on June 26, 2017, in the Southern District of Ohio, Addo, who was a citizen of Ghana, was not a citizen of the United States, and is an alien unlawfully and illegally in the United States, falsely and willfully represented himself to be a citizen of the United States to obtain an Ohio driver license. On the Ohio driver license application, he indicated he was a United States citizen, when he knew that, in fact, he was not a United States citizen, and, based on this representation, Addo was ultimately issued an Ohio driver license.

34. Next, Addo falsely claimed to be a United States citizen to obtain a firearm from a federally licensed dealer of firearms. Specifically, on October 4, 2019, during the execution of the search warrant at Addo's business, Beeps Computer Clinic, a Smith & Wesson model SD9VE 9mm pistol bearing serial number FBM2102 (Defendant 2) was seized. Upon further investigation, it was determined Addo purchased this firearm on May 2, 2019, from Vance Retail LLC, located in Columbus, Ohio, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code. In so doing, Addo completed an ATF Form 4473, wherein he knowingly made a false and fictitious written statement to Vance Retail LLC, by indicating on the form that he was a United States citizen when he knew, in fact, he was not. Addo made this statement with the intention to deceive Vance Retail LLC, as to a fact material to the lawfulness of such sale of the said firearm to Addo. Addo admitted that he knowingly possessed this firearm, that he lied about being a United States citizen on the ATF Form 4473 to effectuate the firearm sale, and that

16

he knew at the time of the purchase and at the time of his possession of this firearm that he was not in the United States legally. The firearm was manufactured outside of the State of Ohio, and therefore, it affected interstate commerce. Additionally, Addo kept the firearm at Beeps Computer Clinic for protection.

35. Evidence gathered during the investigation shows Addo is associated with the possession, use, and production of unauthorized and counterfeit access devices and identifications. When the USSS executed the search warrants on October 4, 2019, at Addo's business, Beeps Computer Clinic, located at 3629 Cleveland Avenue, Columbus, Ohio, and Addo's residence, located at 2897 Bridgewalk Street, Columbus, Ohio, law enforcement found Addo to be in possession of at least 600 credit card numbers that did not belong to him as well as cards embossed with credit card numbers. Additionally, they found Addo to be in possession of identification and access device making materials including, among other items, holograms for various state identifications, blank cards with magnetic strips, a card laminator, card printers, an ID printer, printer ribbons, and a credit card embosser (Defendant 1).

36. Later, in February 2021, law enforcement learned that a package that was shipped from Hong Kong to "NANA ADDO" at "3629 CLEVELAND AVE COLUMBUS OH 43224," was seized at the border, and was found to contain 200 counterfeit Ohio identification card hologram templates. On February 26, 2021, a federal complaint and arrest warrant were issued, authorizing the arrest of Addo. He was arrested at his home, located at 2897 Bridgewalk Street, Columbus, Ohio. When he was arrested, the following items were found on the Defendant's person: Western Union money orders totaling $6,500, (Defendant 5) cash totaling $7,747, (Defendant 4) a Lowe's receipt totaling $4,938.55 with an expected delivery date of March 5, 2021, and multiple credit cards.

17

37.   On February 27, 2021, a federal search warrant was signed, authorizing the search of Addo's residence, located at 2897 Bridgewalk Street, Columbus, Ohio.   During the execution of that search warrant, the following items were found: a firearm (SCCY Industries LLC 9-millimeter pistol, model CPX-1, with serial number 937636) (Defendant 10), multiple cell phones, multiple laptop and desktop computers, multiple thumb drives, ID Printer, at least seven debit and/or credit cards in other people's names, numerous Insight Mobile banking cards, multiple Visa and MasterCard debit cards, reloadable Visa debit credit cards, re-encoded credit card, Ohio driver's license in someone else's name, white plastic blank stock, State of Alabama unemployment in another person's name but with the 2897 Bridgewalk Street address, a paper with personal identifying information on it, and a Bitcoin receipt (Defendant 6).

38.   On June 30, 2021, an Information was filed in the United States District Court, Southern District of Ohio, criminal case *United States of America v. Nana Addo*, Case No.: 2:21-CR-00117, charging Defendant Nana Addo ("Addo") in Count 1 with Conspiracy to Commit Bank Fraud, Wire Fraud, Identity Theft, and Access Device Fraud, in violation of 18 U.S.C. § 371; in Count 2 with Aggravated Identify Theft, in violation of 18 U.S.C. § 1028A(a)(1); in Count 3, 4, 5, 6, and 7 with Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); in Count 8 with False Claim to United States Citizenship, in violation of 18 U.S.C. § 911; in Count 9 with False Statement During Purchase of Firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2); and in Count 10 with Illegal Alien in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). (*See* Doc. 26 in 2:21-CR-00117) (S.D. Ohio).

39.   On June 30, 2021, a Plea Agreement was also filed in which Addo waived his rights to be indicted for these violations by a grand jury and agreed to plead guilty to Count 1 through 10 of the Information.   As part of the Plea Agreement, the United States and Addo agreed to the

forfeiture of the defendant property and the Statement of Facts.    (*See* Doc. 27 in 2:21-CR-00117) (S.D. Ohio).    Each allegation in the Information was incorporated to the Statement of Facts by reference and admitted by Addo. (See Doc. 27 in 2:21-CR-00117) (S.D. Ohio).

40.   Addo agreed that the defendant property constitutes or was derived from proceeds traceable to the violation of 18 U.S.C. § 371 to which he pleaded guilty, and/or constitutes, or was derived from, proceeds he obtained directly or indirectly, as a result of such offense, and is therefore subject to forfeiture to the United States in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(2). (See Doc. 27 in 2:21-CR-00117) (S.D. Ohio).

41.   As part of the Plea Agreement, Addo agreed to voluntarily surrender for forfeiture to the United States all of his right, title, and interest in the defendant property.

42.   On October 17, 2021, the Court issued a Preliminary Order of Forfeiture finding the requisite nexus existed between the defendant property and the illegal activity alleged in the Information and Plea, that said property is forfeitable under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1), and/or 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and that the United States is entitled to possession of the subject property. (*See* Doc. 33 in 2:21-CR-00117) (S.D. Ohio).

43.   On July 1, 2022, the United States was informed that Defendant Addo passed away while in custody of the United States Marshals Service. The United States filed a motion to dismiss the criminal Bill of Information on August 4, 2022.   An Order dismissing the Bill of Information and the case was entered on August 5, 2022. (*See* Doc. 53 in 2:21-CR-00117 (S.D. Ohio)).

## **CLAIM FOR RELIEF**

WHEREFORE, the plaintiff respectfully requests that:

a)      pursuant to Rule G(3)(b)(i), Supplemental Rules, the Clerk issue a warrant of arrest *in rem*, directing the United States to arrest and seize the defendants and to retain the same in its custody subject to further order of the Court;

b)      the Court, pursuant to Rule G(4), Supplemental Rules, directs the United States to give notice to all persons and entities having an interest in the Defendants to assert, in conformity with the law, a statement of any interest they may have, including notice by publication on the official government website, www.forfeiture.gov, for 30 consecutive days;

(c)     The forfeiture of the Defendants to the United States be confirmed, enforced, and ordered by the Court;

(d)     The Court thereafter orders the United States to dispose of the Defendants as provided by law; and

(e)     The Court awards the United States all other relief to which it is entitled, including the costs of this action.

<div style="margin-left: 40%;">

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney


s/*William B. King II*
WILLIAM B. KING II (0094046)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Phone: (513) 684-3711
Email: Bill.King@usdoj.gov

</div>

20

## VERIFICATION

I, Michael Marcus, hereby verify and declare under the penalty of perjury that I am a Special Agent with the United States Secret Service, that I have read the foregoing Verified Complaint for Forfeiture and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

_____2/10/2026_____
Date

_____
MICHAEL MARCUS, Special Agent
United States Secret Service